IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

ROBERT FREEMAN, KENNETH BLAYLOCK, )
JOHNNY DAVIS, BILLY DISHMAN, )
LaBRON LUKE, JAWORSKI McMURRY, and )
TIMOTHY PARSONS, )
)
    Plaintiffs, )
)
v. ) Case No. 3:12-cv-266
)
SHERIFF SONNY WEATHERFORD, ) Judge Sharp
SONYA TROUTT, SOUTHERN HEALTHCARE, )
CHASSITY PILCHER, and MAHAILIAH HUGHES, )
)
    Defendants. )

**MEMORANDUM OPINION**

Plaintiffs Robert Freeman, Johnny Davis, Billy Dishman, and LaBron Luke, each of whom is a state inmate incarcerated at the Sumner County Jail in Gallatin, Tennessee, have filed a complaint purporting to raise claims under 42 U.S.C. § 1983 against defendants Sheriff Sonny Weatherford, Jail Administrator Sonya Troutt, Southern Healthcare, Chassity Pilcher, and Court Clerk Mahailiah Hughes.[1]

**I.    STANDARD OF REVIEW**

Under the Prison Litigation Reform Act ("PLRA"), this Court is required to conduct an initial screening of a prisoner's civil complaint if, as in this case, it is filed *in forma pauperis* or if it seeks redress from a governmental entity or official. 28 U.S.C. §§ 1915(e)(2), 1915A. After the initial screening, the Court must *sua sponte* dismiss the complaint or any portion thereof if it is determined to be frivolous or malicious, if it fails to state a claim on which relief may be granted, or if it seeks monetary relief from a defendant immune from such relief. *McGore v. Wrigglesworth*, 114 F.3d 601, 612 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility

---

[1] Three additional individuals who joined in the original complaint, Kenneth Blaylock, Jaworski McMurry, and Timothy Parsons, have now been released from jail. Because they failed to respond to Court directives or to keep the Court informed as to their current address, the Court has, by contemporaneously entered order, dismissed their claims without prejudice.

in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). The factual allegations in the pleading "must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the Complaint are true (even if doubtful in fact)." *Id*. at 555. To avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp.*, 550 U.S. at 570 (2007). A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In reviewing a *pro se* complaint under this standard, the Court must construe the pleading liberally, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept the plaintiff's allegations as true unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

## II.     ALLEGATIONS IN THE COMPLAINT

The complaint attempts to make out claims based on violations of the plaintiffs' rights under the Tennessee Constitution, as well as under the Eighth Amendment to the United States Constitution. The claims fall under four categories: (1) Safety of Inmates; (2) Sanitation; (3) Medical Care; and (4) Price Gouging. The facts alleged in support of these claims are as follows:

### *(1) Safety of Inmates:*

The plaintiffs[2] allege a "lack of safety procedures" generally, as well as problems with the facility including cracks on the floor and ceiling that leaks when it rains. Plaintiffs complain about overcrowding to such an extent that it is a fire hazard, with inmates sleeping on the floor in cells meant to house two people. They complain that misdemeanants are housed with felons, and "Security Threat Group" inmates are housed with minimum security inmates, leading to rival gang fights and extortion of weaker individuals; jail cell doors can be opened with plastic ID cards, leading to dangerous situations; inmates are regularly beaten (whether by other inmates or prison officials is not indicated); paranoid-schizophrenics who do not take their medications are housed with the general prison population and pose a threat to themselves and others. Generally, plaintiffs complain that the absence of structure in the jail community puts "lives . . . at risk everyday." (ECF No. 1-1, at 2.)

---

[2] All four of the remaining plaintiffs signed the complaint, but the narrative facts supporting the claims are written in the first person by lead plaintiff, Robert Freeman.

- 2 -

*(2) Sanitation:*

Plaintiffs allege that black mold is growing on shower walls and the ceiling around vents, and has caused a number of inmates to be sick. Stagnant water sits in odorous pools; cleaning supplies are so diluted that they are ineffective; food stains cover the walls; the kitchen is filthy and the food trays frequently have food from the night before still on them; the kitchen workers are not required to wear hairnets, and hair is frequently in the food.

*(3) Medical Care:*

Plaintiffs complain generally about HIPAA violations and take issue with the fact that some very ill inmates, whom the plaintiffs believe should be quarantined, are not quarantined. The plaintiffs assert that a "bad outbreak of Staph infection" was misdiagnosed as a spider bite. Inmates on suicide watch are put in a cell with metal beds, shelves and concrete, and no one checks on them to make sure they do not injure themselves, and no mental health counseling is provided. The nurses who work for Southern Health Partners, the entity in contract to provide medical services for inmates at the Sumner County Jail, are unprofessional and are afraid to come into the jail pods when the inmates are there. The waiting list to receive any kind of counseling is so long that the counseling is effectively unavailable.

*(4) Price Gouging:*

Plaintiffs allege that Sheriff Weatherford has increased commissary prices and even charges for such products as toilet paper and "hygiene products." He allows Swanson Company employees to "charge inmates for execution fines that should be collected by a collection agency" (ECF No. 1-1, at 3), and appears to be asserting that the Sheriff permits Swanson to deduct money owed to it for commissary items from inmates' trust accounts directly, rather than having to go through an official execution pursuant to the Personal Property Owner's Rights and Garnishment Act of 1978, Tenn. Code Ann. § 26-2-101 *et seq.* "Money is owed to the state and not to Swansons, which are the food providers for the commissary. Such payments cannot be made by unemployed inmates due to incarceration. This is extortion and strong armed robbery." (ECF No. 1-1, at 4.) The plaintiffs also complain that they are not allowed to put less than $25 on a phone account or the commissary account unless it is on a money order, and money orders take too long to process. The plaintiffs allege generally that they have no access to television, newspapers, or the law library, and that the food provided by the jail is calorically insufficient, making

them dependent on obtaining items from the commissary.

Finally, plaintiffs allege that Sumner County Clerk Mahailiah Hughes is "over charging people on their fines." (*Id.*)

The plaintiffs characterize their suit as a class action. The seek $50,000 in damages from each defendant plus punitive damages. The plaintiffs have not sought injunctive relief.

## III. CONCLUSIONS OF LAW

### A. Parties to the Action

Although each of the plaintiffs has signed the complaint, they also purport to bring a class action. It therefore appears that the plaintiffs are attempting to bring suit not only on their own behalf, but on behalf of other inmates at the Sumner County Jail. Notwithstanding, a party generally may plead or conduct his own case in person, that is, *pro se*, or through a licensed attorney. 28 U.S.C. § 1654. Section 1654 does not allow for unlicensed laymen to represent anyone else other than themselves. *Eagle Assocs. v. Bank of Montreal*, 926 F.2d 1305, 1308 (2d Cir. 1991) (citing *Turner v. Am. Bar Ass'n*, 407 F. Supp. 451, 477 (N.D. Tex. 1975), *aff'd sub nom. Pilla v. Am. Bar Ass'n*, 542 F.2d 56 (8th Cir. 1976) (appeal from multi-district litigation); *see also McShane v. United States*, 366 F.2d 286 (9th Cir. 1966) (individual prohibited from representing anyone other than himself). Moreover, to obtain certification to proceed as a class, the plaintiffs must satisfy the prerequisites set forth in Rule 23(a) of the Federal Rules of Civil Procedure, which provides that one or more members of a class may sue on behalf of all class members only if: (1) the class is too numerous for joinder of all parties; (2) there are questions of law or fact common to all; (3) the claims and defenses of the representative parties are typical of the claims and defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class. Fed. R. Civ. P. 23(a); *Coleman v. GMAC*, 296 F.3d 443, 446 (6th Cir. 2002). The party seeking class certification bears the burden of proof in this regard. *See, e.g.*, *Golden v. City of Columbus*, 404 F.3d 950, 965 (6th Cir. 2005).

The plaintiffs here have made no attempt to shoulder that burden. They have not pleaded the existence or defined the limits of the class. More importantly, however, *pro se* prisoners are generally not adequate representatives able to fairly represent a class. *See e.g., Palasty v. Hawk*, 15 F. App'x 197, 200 (6th Cir. 2001) (citing *Fymbo v. State Farm Fire & Cas. Co.*, 213 F.3d 1320, 1321 (10th Cir. 2000));

*Howard v. Dougan*, No. 99–2232, 2000 WL 876770, *1 (6th Cir. June 23, 2000) ("The district court properly declined to certify the class and appoint Howard as class representative as he is an incarcerated *pro se* litigant without legal training."); *Hammond v. O'Dea*, No. 91–5089, 1991 WL 78161, *2 (6th Cir. May 14, 1991) ("*[P]ro se* prisoners are not adequate representatives fairly able to represent the class."). Accordingly, the plaintiffs have not met the prerequisites for establishing a class action lawsuit, so the Court must conduct its initial review solely of the claims asserted in the complaint by the named plaintiffs.

**B.     Plaintiffs' Claims**

To bring a successful claim under 42 U.S.C. § 1983, a plaintiff must establish "that (1) a person, (2) acting under color of state law, (3) deprived the plaintiff of a federal right." *Berger v. City of Mayfield Heights*, 265 F.3d 399, 405 (6th Cir. 2001). The federal rights implicated in this case appear to be the plaintiffs' rights under the Eighth Amendment to the United States Constitution not to be subject to "excessive fines" nor to "cruel and unusual punishments."

Under the Eighth Amendment, prison officials may not deprive inmates of "the minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). The Supreme Court has set forth a framework for courts to use when deciding whether certain conditions of confinement constitute cruel and unusual punishment. *Wilson v. Seiter*, 501 U.S. 294, 298 (1991). First, the courts must consider whether the plaintiffs have pleaded facts which, if true, establish that a sufficiently serious deprivation has occurred. *Id.* Seriousness is measured in response to "contemporary standards of decency." *Hudson v. McMillian*, 503 U.S. 1, 8 (1992). Routine discomforts of prison life do not suffice. *Id.* Only deliberate indifference to serious medical needs or extreme deprivations regarding the conditions of confinement will rise to the level of a constitutional violation. *Id.* at 9. The plaintiffs must also establish a subjective element showing the prison officials acted with a sufficiently culpable state of mind. *Id.* Deliberate indifference is characterized by obduracy or wantonness, not inadvertence or good faith error. *Whitley v. Albers*, 475 U.S. 312, 319 (1986). Liability cannot be predicated solely on negligence. *Id.* A prison official violates the Eighth Amendment only when both the objective and subjective requirements are met. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

The plaintiffs complain generally about a building that is crumbling, unsanitary or unsafe conditions including non-sterilized food trays, mold in the showers, over-crowding in the cells, and

inadequate food. With respect to these types of complaints, the Eighth Amendment protects against conditions of confinement which constitute serious health threats, but not against those which cause mere discomfort or inconvenience. *Hudson v. McMillian*, 503 U.S. 1, 8 (1992). An inmate "cannot expect the amenities, conveniences and services of a good hotel." *Harris v. Fleming*, 839 F.2d 1232, 1235 (7th Cir. 1988), *quoted in Thaddeus-X v. Blatter*, 175 F.3d 378, 405 (6th Cir. 1999). While prison conditions may be "restrictive and even harsh," they do not violate the Eighth Amendment unless they "deprive inmates of the minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). The Court nonetheless finds, at this stage in the proceedings, that the plaintiffs' claims, taken as true, are sufficient to state claims under the Eighth Amendment for violation of their right to be free of cruel and unusual punishment. The next question, then, is whether the named defendants are "persons" subject to suit under § 1983.

Specifically with respect to Sheriff Weatherford and Ms. Troutt, these defendants are named in their official capacity only, and "official capacity" claims are tantamount to claims against the governmental entity that employs them, in this case, Sumner County. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Although a county may be a "person" for purposes of § 1983, the law is clear that a municipal government "cannot be held liable solely because it employs a tortfeasor—or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior*[3] theory." *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994). Rather, "the touchstone of the § 1983 action against a government body is an allegation that official policy is responsible for the deprivation of rights protected by the Constitution." *Monell*, 436 U.S. at 690. "[T]he touchstone of 'official policy' is designed 'to distinguish acts of the municipality from acts of employees of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible.'" *City of St. Louis v. Praprotnik*, 485 U.S. 112, 138 (1988) (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479–80 (1986)). In short, "liability under § 1983 must be based on active unconstitutional behavior." *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). An employer's "awareness of allegations of unconstitutional conduct and failure to act are not a basis for

---

[3] "*Respondeat superior*" is defined as the doctrine under which liability is imposed upon an employer for injuries to others caused by the acts of his employees committed in the course and scope of their employment. Black's Law Dictionary (abridged 6th ed. 1991).

liability." *McCurtis v. Wood*, 76 F. App'x 632, 634 (6th Cir. 2003).

Thus, a county cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Monell*, 436 U.S. at 691; *Doe v. Claiborne Cnty.*, 103 F.3d 495, 508 (6th Cir. 1996). The Sixth Circuit has held that to establish the requisite causal link, the plaintiff must "identify the policy, connect the policy to the [county] itself and show that the particular injury was incurred because of the execution of that policy." *Garner v. Memphis Police Dep't*, 8 F.3d 358, 363–64 (6th Cir. 1993) (quoting *Coogan v. City of Wixom*, 820 F.2d 170, 176 (6th Cir. 1987), *overruled on other grounds by Frantz v. Vill. of Bradford*, 245 F.3d 869 (6th Cir. 2001)). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983." *Searcy*, 38 F.3d at 286 (quoting *Polk Cnty. v. Dodson*, 454 U.S. 312 (1981) (citation omitted)); *Bd. of Cnty. Comm'rs v. Brown*, 520 U.S. 397, 404 (1997) (indicating that the plaintiff must demonstrate "deliberate conduct").

The Supreme Court has stated that it is the "court's task . . . to identify those officials or governmental bodies who speak with final policymaking authority" for the municipal entity whose action is alleged to have caused the constitutional violation at issue. *McMillian v. Monroe Cnty.*, 520 U.S. 781, 784–85 (1997). In Tennessee, it is generally accepted that the sheriff is the final policymaker over the operation of a county jail. *Shorts v. Bartholomew*, 278 S.W.3d 268, 273 (Tenn. 2009); *Shorts v. Bartholomew*, 255 F. App'x 46, 52 (6th Cir. 2007); Tenn. Code Ann. § 8-8-201(a)(3) ("It is the sheriff's duty to . . . take charge and custody of the jail of the sheriff's county, and of the prisoners therein. . . ."). The jail administrator may also be presumed to make and to implement policy. In the present case, although the plaintiffs do not identify specific policies, the allegations in the complaint, construed broadly, imply the existence of policies that permit overcrowding; violation of fire codes; and inadequate security, supervision of inmates, sanitation, nutrition, and medical care, which together give rise to a risk of serious harm to inmates, in violation of their Eighth Amendment right to be free of cruel and unusual punishment. The Court finds that Sheriff Weatherford and Administrator Troutt are appropriately named as defendants with respect to these claims. The official-capacity claims against these defendants will therefore be permitted to proceed.

Southern Healthcare, the entity charged with providing medical care to inmates through a

contract with the county, may be sued under § 1983. *Hicks v. Frey*, 992 F.2d 1450, 1458 (6th Cir.1993); *see also Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir.1996). However, like a municipality, a government contractor cannot be held liable on a *respondeat superior* theory. *Johnson v. Karnes*,3 98 F.3 868, 877 (6th Cir. 2005). The difference is that a private contractor is liable for a policy or custom of that private contractor, rather than a policy or custom of the municipality. *Id.* (citing *Hicks*, 992 F.2d at 1458; *Street*, 102 F.3d at 817). Here, again construing the allegations in the complaint broadly, the Court finds that the plaintiffs have adequately alleged facts that reasonably give rise to an inference that Southern Healthcare has adopted policies that pose serious risks to inmates health in violation of their constitutional rights. The claims against Southern Healthcare will be permitted to proceed as well.

The complaint does not identify Chassity Pilcher, other than to suggest that she may be employed by Swanson Company, the company that in contract with Sumner County runs the commissary at the jail. The Court finds that plaintiffs have not alleged any action or inaction by Chassity Pilcher individually that would give rise to liability, and they do not appear to have named Swanson Company as a defendant. The Court concludes that the plaintiffs have not stated a claim under § 1983 against this defendant.

Finally, the only statement in the complaint concerning defendant Mahailiah Hughes says: "Mahailiah Hughes, the Sumner County Clerk, is also over charging people on their fines." (ECF No. 1-1, at 4.) This unsupported and conclusory allegation is insufficient to state a claim against Ms. Hughes for violation of any of the plaintiffs' rights.

### III. CONCLUSION

Because the complaint fails to state claims under § 1983 against Chassity Pilcher or Mahailiah Hughes, those claims will be dismissed. For purposes of the initial screening, however, the Court finds that the plaintiffs have adequately pleaded claims under § 1983 against Sheriff Sonny Weatherford, Jail Administrator Sonya Troutt, and Southern Healthcare.

An appropriate order will enter.

Kevin H. Sharp
United States District Judge