IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

ROBERT FREEMAN, JOHNNY DAVIS, )
BILLY DISHMAN, AND LABRON LUKE, )
               )
 **Plaintiffs,**        )
               ) Case No. 3:12-cv-0266
v.               ) Judge Sharp / Knowles
               )
SONYA TROUTT, SONNY WEATHERFORD, )
AND SOUTHERN HEALTHCARE,[1]   )
               )
 **Defendants.**       )

## REPORT AND RECOMMENDATION

This matter is before the Court upon a Motion for Summary Judgment filed by Defendants Sumner County Jail Administrator Sonya Troutt and Sheriff Sonny Weatherford ("Defendants"). Docket No. 115. Defendants seek summary judgment solely against the claims of Plaintiff LaBron Luke ("Plaintiff").[2] *Id.* In support of their Motion, Defendants have contemporaneously filed a Memorandum of Law (Docket No. 116), their Declarations (Docket Nos. 115-1, 115-3), Excerpts from Plaintiff's Deposition (Docket No. 115-4), and copies of Plaintiff's filed grievances (Docket No. 115-2). Defendants have additionally submitted a Statement of Undisputed Material Facts. Docket No. 118.[3]

---

[1] Plaintiffs' Complaint incorrectly names "Southern Healthcare" as a Defendant. "Southern Healthcare" actually refers to Southern Health Partners.

[2] On November 25, 2013, Defendants filed a Motion to Dismiss the claims of Plaintiffs Freeman, Davis, and Dishman on the grounds that they failed to answer discovery. Docket Nos. 112. Defendants' Motion to Dismiss is currently pending before this Court.

[3] Defendants' Statement of Undisputed Material Facts was filed on February 14, 2014, nearly two months after the filing of the instant Motion and supporting materials.

Plaintiff has not filed a Response to the instant Motion or to the Statement of Undisputed Material Facts, nor has he filed his own Motion or Statement of Undisputed Facts.

Plaintiffs filed this pro se, in forma pauperis action pursuant to 42 U.S.C. §1983, generally alleging that Defendants violated their Eighth Amendment rights by being deliberately indifferent to their serious medical needs because medical care conditions at the Sumner County Jail ("Jail") present a serious health risk to themselves and to the Jail inmates at large. Docket No. 1. Plaintiffs sue Jail Administrator Sonya Troutt and Sheriff Sonny Weatherford solely in their official capacities, and also sue Southern Health Partners.[4] *Id.* Plaintiffs seek compensatory and punitive damages. *Id.*

Defendants filed the instant Motion for Summary Judgment and supporting materials arguing that they are entitled to summary judgment against Plaintiff Luke because he has not complied with the Prison Litigation Reform Act. Docket No. 115. Specifically, Defendants argue that the Sumner County Jail has a proper grievance system in place, of which Plaintiff Luke knew but did not avail himself. *Id.* Defendants note that Plaintiff filed other grievances during his incarceration at the Jail, but did not file any grievances with respect to the allegations in the Complaint. *Id.* Defendants also argue that, to the extent that Plaintiff Luke attempts to raise a claim against the Jail's commissary, such a claim is a property claim and therefore not a proper §1983 claim. *Id.* Defendants further note that they do not control the Jail's commissary,

---

[4] Plaintiff originally additionally sued Chassity Pilcher and Mahailiah Hughes. Docket No. 1. Plaintiff's claims against Defendants Pilcher and Hughes were dismissed by Judge Sharp in an Order entered on June 20, 2012, and Defendants Pilcher and Hughes were terminated as parties in this action. *See* Docket No. 31. With regard to Plaintiffs' claims against Southern Health Partners, the undersigned has submitted a Report and Recommendation recommending that Southern Health Partners be granted summary judgment and accordingly, that Plaintiffs' claims against it be dismissed.

and accordingly, cannot be held liable. *Id.*

As has been noted, Plaintiff has not responded to the instant Motion or supporting materials.

For the reasons discussed below, the undersigned finds that there are no genuine issues as to any material fact and that Defendants are entitled to a judgment as a matter of law with regard to the claims of Plaintiff LaBron Luke. Accordingly, the undersigned recommends that the instant Motion for Summary Judgment be GRANTED, and that Plaintiff Luke's claims be dismissed.

## **Undisputed Facts[5]**

Sonya Troutt is, and has been, the Jail Administrator at the Sumner County Jail since 1997. Docket No. 115-1, Declaration of Sonya Troutt ("Troutt Dec."), ¶ 1. Sonny Weatherford is, and has been, the Sumner County Sheriff since November 2010. Docket No. 115-3, Declaration of Sonny Weatherford ("Weatherford Dec."), ¶ 1.

Plaintiff Luke was incarcerated at the Sumner County Jail from December 4, 2011, through January 24, 2013, when he was transferred to the Robertson County Jail. Troutt Dec., ¶ 2.

The Sumner County Jail has a grievance policy which is described in the Inmate Handbook. *Id.*, ¶ 3. The Inmate Handbook is given to every inmate, including Plaintiff. *Id.* Since June 2011, the Inmate Handbook has been made available through kiosk machines. *Id.*

Pursuant to the Sumner County Jail grievance policy, if an inmate has a grievance or

---

[5] Unless otherwise noted, the following facts are in a form required by Fed. R. Civ. P. 56, and are undisputed.

3

complaint, including complaints about medical care or alleged improper treatment by Jail staff, an inmate must fill out a grievance. *Id.*, ¶ 4. In order to fill out a grievance, an inmate must go to one of the electronic kiosk machines located in his Jail pod. *Id.* The inmate types the nature of his grievance and the date. *Id.* The grievance is then sent electronically to Jail administration for review and response. *Id.*

Plaintiff Luke knew how to operate the grievance kiosk machine, as he filled out several grievances during his incarceration at the Sumner County Jail. *Id.*, ¶ 6; Docket No. 115-2. With the possible exception of a grievance about commissary, Plaintiff Luke did not file any grievances regarding the allegations contained in his Complaint. *Id.*, ¶ 5; Docket No. 115-2.

Since 2003, the Sumner County Jail has arranged for Swanson's Services Corporation ("Swanson's") to provide commissary in the Jail. *Id.*, ¶ 8; Weatherford Dec., ¶ 3. Swanson's makes all decisions with respect to commissary matters, including distribution, pricing, when items are sold to inmates, and when the money for those items is taken out of inmates' trust accounts. Troutt Dec., ¶ 9; Weatherford Dec., ¶ 3. Defendants have no control over how commissary is priced or distributed, or how money for commissary items is removed from inmates' trust accounts. Troutt Dec., ¶ 10; Weatherford Dec., ¶ 3.

### III. Analysis

**A. Local Rules 7.01(b) and 56.01(c) and (g)**

Local Rule 7.01(b) states, in pertinent part:

> Each party opposing a motion shall serve and file a response, memorandum, affidavits, and other responsive material not later than fourteen (14) days after service of the motion, except, that in cases of a motion for summary judgment, that time shall be twenty-one (21) days after the service of the motion, unless otherwise ordered by the Court. Failure to file a timely response

4

shall indicate that there is no opposition to the motion.

Defendants filed the pending Motion on December 19, 2013. Docket No. 115. Plaintiff Luke has failed to respond to the instant Motion.

Additionally, with respect to Motions for Summary Judgment specifically, Local Rules 56.01(c) and (g) state, in pertinent part:

> c. Any party opposing the motion for summary judgment must respond to each fact set forth by the movant ...
>
> . . .
>
> g. Failure to respond to a moving party's statement of material facts, or a non-moving party's statement of additional facts, within the time periods provided by these Rules shall indicate that the asserted facts are not disputed for the purposes of summary judgment.

Plaintiff Luke has also failed to respond to Defendants' Statement of Undisputed Material Facts (Docket No. 118). Pursuant to Local Rule 56.01(g), Plaintiff's failure to respond indicates "that the asserted facts are not disputed for the purposes of summary judgment." Accordingly, there are no genuine issues as to any material fact and all that remains to be determined is whether Defendants are entitled to a judgment as a matter of law.

## B. Summary Judgment Standards

It would be inappropriate to grant Defendants' Motion solely on the ground that Plaintiff Luke has failed to respond. *See Stough v. Mayville Community Schools*, 138 F.3d 612, 614 (6th Cir. 1998). As the Sixth Circuit has stated:

> [A] district court cannot grant summary judgment in favor of the movant simply because the adverse party has not responded. The Court is required, at a minimum, to examine the movant's Motion for Summary Judgment to ensure that he has discharged [his initial] burden ... The federal rules require that the party filing a Motion for Summary Judgment "always bears the burden of

5

demonstrating the absence of a genuine issue as to a material fact."
*Id.* (citations omitted). The Court will, therefore, consider whether Defendants have met their burdens under the appropriate summary judgment standards discussed below.

Under Fed. R. Civ. P. 56(c), summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." A dispute is "genuine" only if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986).

In order to prevail on a Motion for summary judgment, the moving party must meet the burden of proving the absence of a genuine issue as to material fact concerning an essential element of the opposing party's claim. *Celotex v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553, 91 L. Ed. 2d 265 (1986); *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1477 (6th Cir. 1989). In determining whether the moving party has met its burden, the Court must view the evidence in the light most favorable to the nonmoving party. *Matsushita Electric Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986).

Fed. R. Civ. P. 56 provides that the nonmoving party may not rest upon the mere allegations or denials of his or her pleading, but his or her response, by affidavits or otherwise, must set forth specific facts showing that there is a genuine issue for trial. If a nonmoving party, however, fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial, there is no genuine issue as to any material fact because a complete failure of proof concerning an essential

element of the nonmoving party's case necessarily renders all other facts immaterial. *Celotex*, 477 U.S. at 322-23, 106 S. Ct. at 2552, 91 L. Ed. 2d at 273. When this occurs, the moving party is entitled to summary judgment as a matter of law. *Id.* at 322-23, 106 S. Ct. at 2552; *Williams v. Ford Motor Co.,* 187 F.3d 533, 537-38 (6th Cir. 1999).

## C.  42 U.S.C. § 1983

### 1.  Generally

Plaintiff Luke alleges general violations of his Eighth Amendment rights pursuant to 42 U.S.C. § 1983. *See* Docket No. 1. Section 1983 provides, in part, that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress...

Thus, in order to state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48, 108 S. Ct. 2250, 2254-55 (1988)*, citing Parratt v. Taylor,* 451 U.S. 527, 535, 101 S. Ct. 1908, 1913, 68 L. Ed. 2d 420 (1981) (overruled in part on other grounds, *Daniels v. Williams,* 474 U.S. 327, 330-331, 106 S. Ct. 662, 88 L. Ed. 2d 662 (1986)); *Flagg Bros., Inc. v. Brooks,* 436 U.S. 149, 155, 98 S. Ct. 1729, 1733, 56 L. Ed. 2d 185 (1978). The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power "possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *Id.* at 49, 108 S. Ct. 2255*, quoting United States v.*

*Classic,* 313 U.S. 299, 326, 61 S. Ct. 1031, 1043, 85 L. Ed. 1368 (1941).

### 2. Eighth Amendment

#### a. Generally

The Eighth Amendment provides that:

> Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted.

U.S. Const. amend. VIII.

The United States Supreme Court has held that the constitutional prohibition of "cruel and unusual punishments" forbids punishments that are incompatible with "the evolving standards of decency that mark the progress of a maturing society," or which "involve the unnecessary and wanton infliction of pain." *Estelle v. Gamble*, 429 U.S. 97, 102-03, 97 S. Ct. 285, 290, 50 L. Ed. 2d 251 (1976) (citations omitted).

In order to establish an Eighth Amendment claim, an inmate must satisfy a two-prong test: (1) the deprivation alleged must be objectively serious; and (2) the official responsible for the deprivation must have exhibited deliberate indifference to the inmate's health or safety. *Farmer v. Brennan*, 511 U.S. 825, 834, 114 S. Ct. 1970, 1977, 128 L. Ed. 2d 811 (1994).

#### b. Deliberate Indifference To Serious Medical Needs

The State has a constitutional obligation, under the Eighth Amendment, to provide adequate medical care to those whom it has incarcerated. *Estelle,* 429 U.S. at 104, 97 S. Ct. at 291.

"[D]eliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain' proscribed by the Eighth Amendment." *Estelle,* 429 U.S. at 104. This is true "whether the indifference is manifested by prison doctors in their

response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed." *Id*. at 104-05.

Not every prisoner's allegation of inadequate medical treatment, however, is a violation of the Eighth Amendment. *Estelle,* 429 U.S. at 105. For instance, courts have held that the accidental, inadvertent, or negligent failure to provide adequate medical care does not state such a claim. *Id.* at 105-06 (citations omitted).

Pursuant to Supreme Court precedent, the Sixth Circuit held, in *Hunt v. Reynolds*, that Eighth Amendment deliberate indifference claims must contain both an objective component, "that [plaintiff's] medical needs were sufficiently serious," and a subjective component, "that the defendant state officials were deliberately indifferent to the plaintiff's needs." 974 F.2d 734, 735 (6th Cir. 1992) (citations omitted).

In order to satisfy the objective requirement, the Supreme Court requires that an inmate demonstrate evidence of a current harm or evidence of a medical complaint or condition of confinement that "is sure or very likely to cause serious illness and needless suffering." *Helling v. McKinney*, 509 U.S. 25, 33, 113 S. Ct. 2475, 2480, 125 L. Ed. 2d 22 (1993). Under the Eighth Amendment, inmate plaintiffs, must allege, at the very least, unnecessary pain or suffering resulting from prison officials' deliberate indifference. *Id*. (prisoner alleging that he suffered pain and mental anguish from delay in medical care states a valid Eighth Amendment claim).

As for the subjective element, the Sixth Circuit has held that "a determination of deliberate indifference does not require proof of intent to harm." *Weeks v. Chaboudy*, 984 F.2d 185, 187 (6th Cir. 1993). There must, however, be a showing of deliberate indifference to an inmate's serious medical needs. *Molton v. City of Cleveland*, 839 F.2d 240, 243 (6th Cir. 1988)

9

(*citing Westlake v. Lucas*, 537 F. 2d 857, 860 n. 3 (6th Cir. 1976)). In fact, "[k]nowledge of the asserted serious needs or of circumstances clearly indicating the existence of such needs, is essential to a finding of deliberate indifference." *Horn v. Madison County Fiscal Court*, 22 F.3d 653, 660 (6th Cir. 1994) (citations omitted). The inquiry, therefore, according to the Sixth Circuit, is "[w]as this individual prison official aware of the risk to the inmate's health and deliberately indifferent to it?" *Thaddeus-X*, 175 F.3d at 402 (*citing Farmer v. Brennan*, 511 U.S. 825, 837, 844, 114 S. Ct. 1970, 1979, 1982-83, 128 L. Ed. 2d 811 (1994)).

### D. The Case at Bar

The Prison Litigation Reform Act requires inmates to exhaust their administrative remedies prior to filing a lawsuit in federal court. 42 U.S.C. 1997e(a). In the case at bar, it is undisputed that the Sumner County Jail had a proper grievance policy of which Plaintiff Luke was aware, and that Plaintiff knew how to operate the grievance kiosk machine, as he filled out several grievances during his incarceration at the Sumner County Jail. Troutt Dec., ¶¶ 3, 6; Docket No. 115-2. It is further undisputed that, with the possible exception of a grievance against the commissary, Plaintiff Luke did not file any grievances regarding the allegations contained in his Complaint. *Id.*, ¶ 5; Docket No. 115-2. Absent the filing of such grievances, Plaintiff Luke has failed to exhaust his administrative remedies and cannot sustain his §1983 claims. Accordingly, Defendants are entitled to summary judgment with respect to those claims.

Moreover, it is undisputed that, since 2003, the Sumner County Jail has arranged for Swanson's to provide commissary in the Jail; that Swanson's makes all decisions with respect to commissary matters, including distribution, pricing, when items are sold to inmates, and when the money for those items is taken out of inmates' trust accounts; and that Defendants have no

control over how commissary is priced or distributed, or how money for commissary items is removed from inmates' trust accounts. Troutt Dec., ¶ 8-110; Weatherford Dec., ¶ 3. Accordingly, Defendants cannot be held liable to Plaintiff Luke for his commissary claim.

### IV. Conclusion

For the foregoing reasons, the undersigned concludes that, viewing all the facts and inferences in favor of the nonmoving party, there is no genuine issue as to any material fact and Defendants are entitled to a judgment as a matter of law with respect to the claims asserted by Plaintiff Luke. The undersigned therefore recommends that the instant Motion for Summary Judgment (Docket No. 115) be GRANTED, and that Plaintiff Luke's claims be dismissed.[6]

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *See Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

---

E. CLIFTON KNOWLES
United States Magistrate Judge

---

[6] As noted above, with regard to the remaining Plaintiffs in this action, Defendants have filed a Motion to Dismiss for failure to answer discovery, which is pending before this Court.