IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| ROBERT FREEMAN, JOHNNY DAVIS, BILLY DISHMAN, AND LABRON LUKE, <br><br>  Plaintiffs, <br><br> v. <br><br> SONYA TROUTT, SONNY WEATHERFORD, AND SOUTHERN HEALTHCARE,[1] <br><br>  Defendants. | Case No. 3:12-cv-0266 <br> Judge Sharp / Knowles |

### REPORT AND RECOMMENDATION

This matter is before the Court upon a Motion to Dismiss for Failure to Serve Answers to Discovery filed by Defendants Sonya Troutt and Sonny Weatherford ("Defendants"). Docket No. 112. Defendants have contemporaneously filed a supporting Memorandum of Law. Docket No. 113. Defendants seek dismissal of the claims of Plaintiffs Robert Freeman, Johnny Davis, and Billy Dishman ("Plaintiffs"), pursuant to Fed. R. Civ. P. 37(d) and 41(b), because Plaintiffs have failed to answer the First Set of Interrogatories, Request for Production of Documents, and Request for Admissions ("Discovery Requests") propounded to them by Defendants; because Plaintiffs have violated this Court's Scheduling Order; and because Plaintiffs have failed to prosecute their claims.[2] *Id.*

---

[1] Plaintiffs' Complaint incorrectly names "Southern Healthcare" as a Defendant. "Southern Healthcare" actually refers to Southern Health Partners.

[2] LaBron Luke was the only Plaintiff to respond to Defendants' Discovery Requests. *Id.* Defendants filed a Motion for Summary Judgment with regard to the claims made by Mr. Luke (Docket No. 115), which the undersigned recommended be granted (Docket No. 119).

Plaintiffs Robert Freeman, Johnny Davis, and Billy Dishman have not responded to the instant Motion.

Plaintiffs filed this pro se, in forma pauperis action pursuant to 42 U.S.C. §1983, generally alleging that Defendants violated their Eighth Amendment rights by being deliberately indifferent to their serious medical needs because medical care conditions at the Sumner County Jail ("Jail") present a serious health risk to themselves and to the Jail inmates at large. Docket No. 1. Plaintiffs sued Jail Administrator Sonya Troutt and Sheriff Sonny Weatherford solely in their official capacities, and have also sued Southern Health Partners.³ *Id.* Plaintiffs seek compensatory and punitive damages. *Id.*

For the reasons discussed below, the undersigned recommends that Defendants' Troutt and Weatherford's Motion to Dismiss be GRANTED, and that Plaintiffs Robert Freeman, Johnny Davis, and Billy Dishman be terminated as parties to this action.

## **II.   Analysis**

### **A.  Fed. R. Civ. P. 37(d)**

Federal Rule of Civil Procedure 37 relates to a party's failure to make disclosures or to cooperate in discovery. Federal Rule of Civil Procedure 37(d), in particular, provides:

> **(d) Party's Failure to Attend Its Own Deposition, Serve Answers to Interrogatories, or Respond to a Request for Inspection.**

---

³ Plaintiff originally additionally sued Chassity Pilcher and Mahailiah Hughes. Docket No. 1. Plaintiff's claims against Defendants Pilcher and Hughes were dismissed by Judge Sharp in an Order entered on June 20, 2012, and Defendants Pilcher and Hughes were terminated as parties in this action. *See* Docket No. 31. With regard to Plaintiffs' claims against Southern Health Partners, the undersigned has submitted a Report and Recommendation recommending that Southern Health Partners be granted summary judgment and accordingly, that Plaintiffs' claims against it be dismissed. Docket No. 120.

2

**(1)** *In General.*

**(A)** *Motion; Grounds for Sanctions.* The court where the action is pending may, on motion, order sanctions if:

**(i)** a party or a party's officer, director, or managing agent--or a person designated under Rule 30(b)(6) or 31(a)(4)--fails, after being served with proper notice, to appear for that person's deposition; or

**(ii)** a party, after being properly served with interrogatories under Rule 33 or a request for inspection under Rule 34, fails to serve its answers, objections, or written response.

**(B)** *Certification.* A motion for sanctions for failing to answer or respond must include a certification that the movant has in good faith conferred or attempted to confer with the party failing to act in an effort to obtain the answer or response without court action.

**(2)** *Unacceptable Excuse for Failing to Act.* A failure described in Rule 37(d)(1)(A) is not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for a protective order under Rule 26(c).

**(3)** *Types of Sanctions.* Sanctions may include any of the orders listed in Rule 37(b)(2)(A)(i)-(vi). Instead of or in addition to these sanctions, the court must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.

**B. Fed. R. Civ. P. 41(b)**

Fed. R. Civ. P. 41(b) governs the involuntary dismissal of an action, and states in relevant part as follows:

> **(b) Involuntary Dismissal; Effect.** If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) . . . operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b).

### C. The Case at Bar

Plaintiffs filed their Complaint in this action on March 14, 2012. Docket No. 1. On May 16, 2013, the Court entered a Scheduling Order in this action. Docket No. 73. That Scheduling Order set a discovery deadline of November 20, 2013. *Id.*

On September 5, 2013, Defendants sent each Plaintiff discovery requests consisting of a First Set of Interrogatories, Request for Production of Documents, and Request for Admissions. Collective Ex. 1 to Docket No. 112. Defendants informed each Plaintiff that they had 30 days to answer the Discovery Requests. *Id.* Plaintiffs Robert Freeman, Johnny Davis, and Billy Dishman did not answer the Discovery Requests, either within the 30 day period, prior to the expiration of the Court's November 20, 2013 discovery deadline, or the date of the filing of the instant Motion.

Because Plaintiffs Robert Freeman, Johnny Davis, and Billy Dishman did not answer the Discovery Requests, either within the 30 day period, prior to the expiration of the Court's November 20, 2013 discovery deadline, or the date of the filing of the instant Motion, Defendants seek the dismissal, with prejudice, of their claims. Docket Nos. 112, 113. Defendants also seek dismissal because Plaintiffs have violated this Court's Scheduling Order

and further seek dismissal for failure to prosecute. *Id.* Defendants argue:

> Since filing their Complaint on March 14, 2012, Plaintiffs Freeman, Davis and Dishman have taken no action to prosecute their claims against Defendants Weatherford and Troutt. They have not sent any discovery and have not requested to take any depositions. They have not answered the Discovery Requests. Further, they have violated this Court's easily understood discovery deadline of November 20, 2013. Plaintiffs Freeman, Davis and Dishman's actions are the very definition of "willfulness, bad faith, or fault."

Docket No. 113, p. 3.

A review of the record in this case reveals that Plaintiffs have failed to comply with this Court's Scheduling Order, and have failed to prosecute their claims. Moreover, Defendants cannot defend themselves against Plaintiffs' claims absent discovery. Accordingly, the undersigned recommends that the instant Motion be GRANTED.

### **III. Conclusion**

For the foregoing reasons, the undersigned recommends that Defendants' Troutt and Weatherford's Motion to Dismiss be GRANTED, and that Plaintiffs Robert Freeman, Johnny Davis, and Billy Dishman be terminated as parties to this action.[4]

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have

---

[4] As has been noted, the undersigned has submitted two previous Reports and Recommendations in this action: the first, recommending that Defendants' be granted summary judgment against the claims of Plaintiff Luke (Docket No. 119); and the second, recommending that Plaintiffs' claims against Defendant SHP be dismissed, and that SHP be terminated as a party to this action (Docket No. 120). If the undersigned's two previous Reports and Recommendations and the instant Report and Recommendation are all adopted, then all claims in this action will be dismissed.

5

fourteen (14) days after service of any objections filed to this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *See Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

                                                E. CLIFTON KNOWLES
                                                United States Magistrate Judge